United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Michael D. Lynch and Candence B. Lynch, Appellants <br> v. <br> Deutsche Bank National Trust Company and Ocwen Loan Servicing, LLC, Appellees | Bankruptcy Appeal <br> Case No. 17-22250-Civ-Scola <br><br> Bankruptcy Court Adv. No. 14-01786 |

### **Order Denying Appellants' Motion For Reconsideration**

This matter is before the Court on the Appellants' motion for reconsideration of the Court's order affirming the Bankruptcy Court's order granting the Appellees' motion for summary judgment. (Mot. for Rehearing, ECF No. 25.) The Appellants bring their motion under Federal Rule of Civil Procedure 60(b). (Mot. 2; Reply 3-4, ECF No. 27.) Rule 60(b) permits a court to relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment.

Reconsideration is appropriate only in very limited circumstances, such as where "the Court has patently misunderstood a party, where there is an intervening change in controlling law or the facts of a case, or where there is manifest injustice." *See Vila v. Padron*, No. 04-20520, 2005 WL 6104075, at *1 (S.D. Fla. Mar. 31, 2005) (Altonaga, J.). "Such problems rarely arise and the motion to reconsider should be equally rare." *See id.* (citation omitted). In order to obtain reconsideration, "the party must do more than simply restate its previous arguments, and any arguments the party failed to raise in the earlier motion will be deemed waived." *See id.*; *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) ("[A] motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made.").

The Lynches make two arguments in support of their motion. First, the Lynches argue that the Court erroneously concluded that the allonge executed by Deutsche Bank on October 20, 2016 (the "Allonge") was valid, even though it was executed after the date of the Lynches' bankruptcy petition. (Mot. at 3-

9.) In rejecting the Lynches' argument that the Allonge was invalid, the Court explained that:

> The Appellants have directed the Court to no case law or statutory requirement that supports this argument. To the contrary, courts have held that the question when determining whether a party is entitled to enforce a note in bankruptcy proceedings is not when the note was indorsed, but whether the party seeking to enforce the note is now the holder of the note. *In re Wilson*, 442 B.R. 10, 15 (Bankr. D. Mass. 2010) (holding that the question of the timing of an indorsement did not create a genuine issue of material fact because "[r]egardless of when the note was indorsed, it is uncontroverted that it is *now* indorsed and in the possession of Deutsche Bank"); *In re Hooper*, No. CC-11-1269-PaMkCa, 2012 WL 603766, *7 (B.A.P. 9th Cir. Feb. 14, 2012) (affirming bankruptcy court's ruling that the timing of the transfer of a note was not important because nothing in the California Commercial Code requires proof of the date of transfer as a condition to enforcing a note). In other words, the ultimate question is who the debtor actually owes. *In re Wilson*, 442 B.R. at 15 n.5.

(Order on Appeal 8-9, ECF No. 24.) The Lynches assert that they did in fact cite case law supporting their position in the briefs they submitted to the Bankruptcy Court, and that the Appellees referenced this case law in a brief submitted to this Court. (Mot. at 3.)

The Lynches are correct: the Appellees did state in a footnote in their initial brief that the Lynches had cited a case in their briefing before the Bankruptcy Court that reached a holding contrary to *In re Wilson* and *In re Hooper*, and provided a citation to the case. (Appellees' Br. 44 n.9, ECF No. 13.) Thus, the case law was brought to the Court's attention and reconsideration is not appropriate. Moreover, the case, *In re Parker*, 445 B.R. 301, 305-06 (Bankr. D. Vt. 2011), cited to *In re Wilson* and *In re Hooper*, but reached a different conclusion in light of several Vermont state court opinions and the Vermont Rules of Civil Procedure. Thus, the case was determined on the basis of Vermont law and does not demonstrate that the Court relied on *In re Wilson* and *In re Hooper* in error.

The Lynches' motion for reconsideration also cites to case law from Florida concerning the standard for establishing standing to file a foreclosure complaint. (Mot. at 6-7.) However, this is not a foreclosure case, and the Lynches did not previously cite to this case law, which was available to them during the appeal. Thus, reconsideration on this basis is not appropriate

either. The Court notes that even if it were to grant reconsideration and find that the Allonge was invalid, the Appellants would still not be entitled to judgment in their favor because the Court's Order affirmed the Bankruptcy Court's alternative holding that, irrespective of the Allonge, the Appellees are entitled to enforce the note as nonholders in possession with the rights of holders. (Order 9-11.)

Second, the Lynches challenge the Court's ruling that the affidavits presented by the Appellees to the Bankruptcy Court in support of their motion for summary judgment met the requirements of Federal Rule of Civil Procedure 56(c) and were properly considered by the Bankruptcy Court. (Mot. at 9-12.) However, the motion for reconsideration simply restates arguments that the Lynches previously made, and does not demonstrate that reconsideration is warranted.

Accordingly, the Court **denies** the motion for reconsideration (**ECF No. 25**).

**Done and ordered** in chambers at Miami, Florida on January 5, 2018.

Robert N. Scola, Jr.
United States District Judge